STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 0827

STATE OF LOUISIANA

VERSUS

LESLEY LASHELL WALLACE AND
JARRELL CYNTELL WILLIAMS

**Judgment Rendered: FEB 2 3 2024**

* * * * * *

On appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 11-0011

Honorable Patrice W. Oppenheim, Judge Presiding

* * * * * *

Jarrell Cyntell Williams          Defendant/Appellant
Slidell, LA                       In Proper Person


Tammy B. Keaton                   Counsel for Plaintiff/Appellee
Leanne M. Kimble                  State of Louisiana, Department
Mary T. Strahan                   of Children and Family Services
Covington, LA

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**GUIDRY, C.J.**

This is an appeal of a trial court judgment granting a motion to modify child support. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On January 6, 2011, the State of Louisiana, Department of Social Services (now referred to as the Department of Children and Family Services and hereinafter referred to as "DCFS") filed a rule to establish child support and medical support against Jarrell Cyntell Williams and Lesley Lashell Wallace.[1] Subsequently, a judgment for child support was rendered for the minor child, D.W. The judgment ordered, among other things, that Mr. Williams pay $350.00 plus a 5% administrative fee per month for the child's support.

On or about September 12, 2016, Mr. Williams' child support obligation was decreased.[2] Thereafter, on June 7, 2022, DCFS filed a rule to review and set child support, which was heard by a hearing officer, who recommended that Mr. Williams' child support obligation be increased. Mr. Williams objected to the recommendation, requesting a hearing before the trial court, which was held on February 10, 2023. At the conclusion of the hearing, the trial court modified and increased Mr. Williams' child support obligation. The judgment was signed on February 17, 2023. DCFS filed a motion for new trial on February 27, 2023.[3] Mr. Williams filed the instant appeal on March 31, 2023, before the trial court could address the motion for new trial.

---

[1] We note that Ms. Wallace applied for child support collection services from the State of Louisiana.

[2] Mr. Williams' child support payment was decreased after DCFS filed a rule to review and set child support in July 2016.

[3] Notice of the judgment was mailed on March 10, 2023.

## DISCUSSION

This court issued a rule to show cause why Mr. Williams' appeal should not be dismissed as premature, noting that the appellate record did not include a ruling on DCFS' motion for new trial. In his response to this court's show cause order, Mr. Williams avers that the trial court "made judgment without giving [him] proof of the Childcare." Mr. Williams asks this court for a "fair trial." We note, however, that Mr. Williams has given no indication to this court whether the motion for new trial was acted upon.[4] Appellee DCFS was notified of this court's show cause order, but failed to respond.

An order of appeal is premature if granted before the trial court disposes of all timely filed motions for new trial. See La. C.C.P. art. 2123(C). Further, unless the motion for new trial is denied, the trial court is not divested of its original jurisdiction, and the appellate court's jurisdiction does not attach. See La. C.C.P. art. 2087(D); Lane v. Lane, 15-1572 (La. App. 1st Cir. 2/26/16), 2016 WL 770832 *2 (unpublished).

In the present matter, because nothing in the record and nothing produced in response to this court's order shows that the motion for new trial was denied, this appeal is premature. Accordingly, given our lack of jurisdiction, we must dismiss the appeal.

## CONCLUSION

For the above and foregoing reasons, the present appeal is hereby dismissed. All costs of this appeal are assessed to the defendant/appellant Jarrell Cyntell Williams.

**APPEAL DISMISSED.**

---

[4] The record before us shows that the trial court signed an order setting the hearing on the motion for new trial for July 14, 2023.